# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORNHUSKER ENERGY LEXINGTION, LLC., | ) ) ) |
| Plaintiff, | ) 8:05CV55 ) ) |
| vs. | ) ORDER ) |
| THOMAS I. APPERSON, et al., | ) ) |
| Defendants. | ) |

This matter is before the court on the defendants' Motion for Protective Order (Filing No. 50).[1] The defendants seek a protective order regarding the manner of deposing five individuals. The defendants do not oppose the taking of such depositions, but seek the court to require re-scheduling of the depositions to allow lead counsel for the defendants to attend. The plaintiff filed a brief, with attached exhibits, in opposition to the motion. Counsel for the plaintiff asserts he made every reasonable attempt to coordinate the deposition with the witnesses and counsel, but did not have counsel's cooperation. The defendant did not file a brief or reply brief. Under the circumstances, the court will deny the defendants' motion for a protective order.

On February 14, 2006, counsel for the plaintiff contacted counsel for the defendants proposing deposition dates in March and April. In response, the counsel for the plaintiff was informed that Mr. Houghton, lead counsel for the defendants, was unavailable in March. The defendants assert that counsel for the plaintiff, Mr. Lingelbach, "was requested to contact Mr. Houghton once he knew when the witnesses would be available to confirm his availability." **See** Filing No. 50. However, Mr. Lingelbach was waiting for a response about the April dates. **See** Filing No. 51, Exhibit B. During the period of silence, Mr. Houghton scheduled other appointments.

On March 9, 2006, the plaintiff filed five deposition notices to take the depositions of five witnesses in New York City on April 10 and 11, 2006. **See** Filing Nos. 43-47. On

---

[1] The defendants initially filed the motion on March 17, 2006 (Filing No. 49), but it was refiled on March 20, 2006. The earlier motion will be denied as moot.

March 10 and March 14 counsel exchanged letters and later spoke by telephone to resolve the conflict.  However, on March 17, 2006, the defendants filed a motion for protective order.

The plaintiff asserts the timing of these depositions is important because this case is related to another matter, **Cornhusker Energy Lexington, LLC v. Prospect Street**, Case No. 8:04CV586, which is also pending in this district.  On January 23, 2006, counsel agreed to take certain witnesses' depositions simultaneously for both cases.  In **Prospect Street**, the deposition deadline is April 17, 2006.  Further, the plaintiff offers to attempt to complete the depositions on April 10, 2006, being informed Mr. Houghton has other obligations on April 11, 2006.  Finally, the plaintiff contends every effort was made to coordinate scheduling of these depositions two months in advance, but that such effort was met with silence.

The party moving for the protective order has the burden to demonstrate good cause for issuance of the order.  **Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2**, 197 F.3d 922, 926 (8th Cir. 1999).  In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements."  **Gulf Oil Co. v. Bernard**, 452 U.S. 89, 102 n.16 (1981) (**quoting** 8 C. Wright & A. Miller, Federal Practice & Procedure § 2035, p. 265 (1970)); **Miscellaneous Docket Matter**, 197 F.3d at 926.  Thus, for good cause to exist, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted.  **See Frideres v. Schiltz**, 150 F.R.D. 153, 156 (S.D. Iowa 1993).  The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue burden or expense."  "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted."  **General Dynamics Corp. v. Selb Mfg. Co.**, 481 F.2d 1204, 1212 (8th Cir. 1973) (**citing United States v. Kordel**, 397 U.S. 1, 4-5 (1970)).  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  **Seattle Times Co. v. Rhinehart**, 467 U.S. 20, 36 (1984); **Roberts v. Shawnee Mission Ford, Inc.**, 352 F.3d 358, 362 (8th Cir. 2003).

The defendants have failed to show through a specific demonstration of fact, or even through conclusory statements that good cause to exist for issuing the protective order sought. Further, the defendants fail to show how, if at all, prejudice or harm will result if no protective order is granted. The defendants are represented by other counsel from the same firm as Mr. Houghton. Additionally, counsel for the plaintiff made reasonable attempts to coordinate schedules for several out of state depositions and states he will further attempt to accommodate Mr. Houghton by making efforts to conclude the depositions on April 10, 2006. Upon consideration,

**IT IS ORDERED:**

1. The defendants' Motion for Protective Order (Filing No. 49) is denied as moot.
2. The defendants' Motion for Protective Order (Filing No. 50) is denied.

DATED this 5th day of April, 2006.

                                                BY THE COURT:

                                                s/Thomas D. Thalken
                                                United States Magistrate Judge